UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:17-cv-21165-UU

GEORGE LAWRENCE LAZO,

    Plaintiff,

v.

WEST COAST TRUCKING CORP.,
*et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants', West Coast Trucking Corp.'s and Manuel Quintero's ("Defendants), Motion to Dismiss Plaintiff's Complaint, or Alternatively, to Abate Action, Compel Mediation and Strike Plaintiff's Demand for Jury Trial, D.E. 22. The Motion is fully briefed and ripe for disposition.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. For reasons set forth below, Defendants' Motion is GRANTED in part.

**I.**  **Background**

The following facts are taken from Plaintiff's Complaint. D.E. 1.

Plaintiff Lazo worked for the Defendants as a warehouseman from December 2011 to January 2017. *Id.* ¶ 9. According to Plaintiff, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-2016 (the "FLSA"), by failing to pay him overtime and minimum wage. *Id.* ¶¶ 6-15.

On April 28, 2017, Defendants filed the instant Motion to either dismiss this action under Fed. R. Civ. P. 12(b)(6) or, alternatively, to stay this action, compel mediation and strike Plaintiff's demand for jury trial. D.E. 22. Plaintiff's Complaint alleges a single Count against Defendants for (1) failure to pay overtime and (2) failure to pay minimum wage (Count I). D.E. 1.

**II.     Legal Standard**

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a

2

context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

**III.     Discussion**

Defendants move to dismiss Plaintiff's Complaint or, in the alternative, to abate action, compel mediation and strike Plaintiff's demand for jury trial. D.E. 22.

A.   Parties' arguments

Defendants' Motion relies on the express terms of a Dispute Resolution Agreement and Jury Waiver, which Plaintiff executed during his employment and, in particular, on January 23, 2015 (the "Agreement"). This Agreement provides: "In the event any possible dispute or claim may arise relating in any way to my employment or the termination of my employment at The Company, I agree to voluntarily accept and enter into non-binding mediation prior to commencing any legal action." D.E. 22-1. The Agreement also provides that "[i]n the event that our disputes are not resolved through mediation, I further waive the right to a jury trial" and that "as a condition of my employment at West Coast [I] waive my right to a jury trial in any action or proceeding related to my employment or the termination of my employment." *Id.*

Defendants argue that the Agreement requires dismissal of this action or, alternatively, abatement of this action until mediation is completed, for two reasons. First, as an initial matter, Defendants argue that the Court may consider the Agreement in ruling on Defendants' Motion, even though it was not attached to Plaintiff's Complaint, because it is "central to plaintiff's claim and its authenticity cannot reasonably be disputed." D.E. 22 ¶ 4. Second, Defendants argue that based on the plain language of the Agreement, participating in mediation was a condition precedent to filing suit. *Id.* ¶ 6. Lastly, Defendants argue that Plaintiff has not participated in

3

non-binding mediation—as required by the Agreement—and therefore cannot, at this stage, pursue the instant action. *Id.* ¶¶ 9-10.

In response, Plaintiff concedes that he signed the Agreement but, nonetheless, contends that the Agreement is both procedurally and substantively unconscionable. In particular, Plaintiff argues that the Agreement is procedurally unconscionable because "it was signed in the middle of Plaintiff's employment . . . [so] Plaintiff had essentially no bargaining power over his ability to sign this document as the Defendant required that the Plaintiff sign the same or he would be unable to work for the Defendant." D.E. 23 pp. 2-3.

In addition, Plaintiff argues that the Agreement is substantively unconscionable because it "required the Plaintiff to give up his right to a jury trial . . . [which] is a waiver of significant legal remedies." *Id.* p. 3. Moreover, Plaintiff argues that the "the jury trial waiver was signed under little to no bargaining power on behalf of the Plaintiff, the Plaintiff did not have an opportunity to negotiate the terms of the contract, and the Plaintiff was not represented by counsel at the time of signing said waiver." *Id.* p. 4.

In its Reply, Defendants respond in two principal ways. First, Defendants argue that Plaintiff failed to provide any evidence to show that the Agreement was procedurally unconscionable and, under Florida law, simply signing an employment agreement in the midst of employment is insufficient to demonstrate procedural unconscionability. D.E. 26 pp. 2.3. Second, Defendants argue that the Agreement is not substantively unconscionable because requiring that Plaintiff waive his right to a jury trial in a civil case is not so "outrageously unfair" as to "shock the judicial conscience." D.E. 26 p. 4.

B.  Analysis

As an initial matter, the Court notes that it is entitled to consider the Agreement because it is central to Plaintiff's claims and Plaintiff does not dispute its authenticity. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Under Florida law, contractual clauses requiring parties to mediate or participate in arbitration are presumptively valid. *See, e.g.*, *Smith v. Davison Design & Dev., Inc.*, No. 3:13-CV-1194-J-32JBT, 2014 WL 12610156, at *3 (M.D. Fla. Feb. 28, 2014), *report and recommendation adopted*, No. 3:13-CV-1194-J-32JBT, 2014 WL 12617003 (M.D. Fla. Mar. 24, 2014) (citing *John v. Goodman Ltd. P'Ship v. THF Constr., Inc.*, 321 F.3d 1094, 1096 (11th Cir. 2003)). To invalidate a clause requiring arbitration or mediation under Florida law, a plaintiff bears the burden of, at the very least, alleging facts which, if taken as true, would allow an inference that an agreement is both procedurally and substantively unconscionable. *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir. 1989); *Curbelo v. Autonation Ben. Co.*, No. 14-CIV-62736, 2015 WL 667655, at *3 (S.D. Fla. Feb.17, 2015) (quoting *Lyalls v. Kauff's, Inc.*, 2007 WL 2320590, at *1 (S.D. Fla. Aug. 10, 2007)); *Murphy v. Courtesy Ford LLC*, 944 So.2d 1131, 1134 (Fla. 3d DCA 2006).

"Procedural unconscionability exists when the individualized circumstances surrounding the transaction reveal that there was no real and voluntary meeting of the minds of the contracting parties." *Golden*, 882 F.2d at 493 (internal quotations omitted). Substantive unconscionability requires a showing that the terms of the arbitration agreement are "unreasonable and unfair," and focuses on whether the arbitration provision is "so outrageously unfair as to shock the judicial conscience." *Curbelo*, No. 14-CV-62736, 2015 WL 667655, at *3 (internal quotations omitted).

i. *Procedural unconscionability*

The Court concludes, after accepting the allegations in Plaintiff's Complaint as true and relying on Plaintiff's representations in his response to Defendant's Motion, that the agreement is not procedurally unconscionable, for two reasons. First, Plaintiff fails to offer evidence or allege facts which, if taken as true, would suggest that the contract was entered into in an unfair manner, that Plaintiff did not have a "meaningful choice at the time the contract was entered into," or that Plaintiff did not have a reasonable opportunity to understand the terms of the contract." *See, e.g.*, *Curbelo*, No. 14-CIV-62736, 2015 WL 667655, at *3. Plaintiff, in fact, concedes that he saw and understood the terms of the agreement when he signed it, which is unsurprising since the provisions of the Agreement are clear, unambiguous and conspicuous. D.E. 23 pp. 2-5; *see* D.E. 22-1.

Accordingly, the only basis for Plaintiff to invalidate the clause in the Agreement requiring mediation before filing suit is his unsupported argument that he did not have a "realistic opportunity to bargain regarding the terms of the contract" because failing to sign the Agreement might result in Defendants terminating Plaintiff's employment. *Curbelo*, No. 14-CIV-62736, 2015 WL 667655, at *3; *see* D.E. 23 pp. 2-5. However, courts applying Florida law uniformly hold that a disparity in bargaining power reflected by a "take it or leave it" agreement is nowhere near enough to render a contract procedurally unconscionable. *Bhim v. Rent-A-Ctr., Inc.*, 655 F. Supp. 2d 1307, 1314 (S.D. Fla. 2009) (quoting *Gilmer*, 500 U.S. at 32-33 (1991)); *McAdoo v. New Line Transp., LLC*, 2017 WL 942114 at *2 (M.D. Fla. 2017); *Vince v. Specialized Services, Inc.*, 2011 WL 4599824, *3 (M.D. Fla. 2011); *VoiceStream Wireless Corp. v. U.S. Commc'ns, Inc.*, 912 So. 2d 34, 40 (Fla. 4th DCA 2005).

For these reasons, the Court finds no basis to conclude that the clause requiring the parties to participate in mediation is procedurally unconscionable; thus, the Court will not invalidate the clause in the Agreement requiring that Plaintiff mediate before filing suit. *Golden*, 882 F.2d at 493. Nonetheless, in an abundance of caution, the Court will also address the parties' arguments concerning substantive unconscionability.

    ii.  *Substantive unconscionability*

The Court also concludes that the mediation clause in the Agreement is not substantively unconscionable. Under Florida law, a party seeking to prove substantive unconscionability must show that the terms are "so outrageously unfair as to shock the judicial conscience." *Curbelo*, No. 14-CIV-62736, 2015 WL 667655, at *3.

Here, there is nothing about the terms of the Agreement that are unfair, much less "so outrageously unfair as to shock [the Court's] conscience." D.E. 22-1; *Curbelo*, No. 14-CIV-62736, 2015 WL 667655, at *3. In short, the Court rejects Plaintiff's arguments that the Agreement is substantively unconscionable because: (1) a jury trial waiver is *per se* unconscionable; (2) Plaintiff had "little to no bargaining power;" (3) Plaintiff did not "have an opportunity to negotiate the terms of the contract;" and (4) Plaintiff was "not represented by counsel" at the time of signing said waiver. D.E. 23 p. 4. Courts routinely uphold agreements requiring parties to mediate their disputes before filing a lawsuit or, alternatively, waive the right to a jury trial, where, as here, these provisions are "sufficiently worded in plain, clear language, allowing an unsophisticated, inexperienced person to understand that she waived her right to a jury trial." *See, e.g.*, *Hooper v. Ideal Image Dev. Corp.*, 2015 WL 1508494, at *1 (M.D. Fla. 2015); *see also Oliva v. Infinite Energy Inc.*, 2012 WL 11868265, at *13 (N.D. Fla. 2012); *Winiarski v. Brown & Brown, Inc.*, 2008 WL 1930484 (M.D. Fla. 2008) ("[t]he mere fact that an

employee signs an employment agreement containing a jury trial waiver in a 'take it or leave it' situation does not make the waiver unenforceable or unconscionable.")).

### iii.  *Conclusion*

For these reasons, the Agreement entered into between Plaintiff and Defendants is enforceable. Thus, Plaintiff cannot litigate his FLSA claims in this case without first participating in mediation, as required by the Agreement, before filing this lawsuit. However, because of the operation of the statute of limitations on Plaintiff's claim, the Court will stay—rather than dismiss—this action until Plaintiff and Defendants participate in mediation. Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 22, is GRANTED IN PART and DENIED IN PART. This action is HEREBY STAYED pending the parties' participation in non-binding mediation, as required by the Agreement, D.E. 22-1. It is further

ORDERED AND ADJUDGED that the parties SHALL file status updates to advise the Court of the date or results of any such mediation, every **30 days**, beginning on **Wednesday, July 12, 2017.**

ORDERED AND ADJUDGED that the Clerk of Court SHALL ADMINISTRATIVELY CLOSE this case. All future hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers, Miami, Florida, this 12th day of June, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record